UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DASHON HINES,

                                  Plaintiff,

   v.

                                                     1:21-CV-601

NEW YORK STATE OFFICE OF                        (DNH/ATB)
TEMPORARY & DISABILITY
ASSISTANCE STAFF,

                                  Defendants.

---

DASHON HINES,

                                  Plaintiff,

   v.

                                                     1:21-CV-626

NEW YORK STATE OFFICE OF                        (DNH/ATB)
TEMPORARY & DISABILITY
ASSISTANCE STAFF,

                                  Defendants.

---

DASHON HINES, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to me for initial review, two more civil rights complaints, submitted by plaintiff Dashon Hines. (21-CV-601 and 21-CV-626)[1] (Dkt. No. 1 - in each case). Plaintiff has also filed an application to proceed in forma pauperis ("IFP") in each action. (Dkt. No. 2 - in each action).

**I.**    **IFP Application**

Plaintiff declares in each IFP application that he is unable to pay the filing fee.

---

[1] The court will refer to each complaint by its civil action number: (Complaint ("Compl.") 601 and Compl. 626).

The court would first note that plaintiff's IFP applications are inconsistent with each other, even though they were filed within four days of each other. In the IFP application filed in 21-CV-601, plaintiff states that in the past 12 months, he has obtained $20,000.00 in New York State Unemployment Benefits and $327.00 in "SNAP" benefits from the New York State Office of Temporary and Disability Assistance ("OTDA") (defendant in the above actions). (Dkt. No. 2 in 21-CV-601). However, in plaintiff's IFP application, filed in 21-CV-626, he claims that he has received no income in the past year from any sources. (Dkt. No. 2 in 21-CV-626).

This is not the first time that plaintiff has filed conflicting or incomplete motions to proceed IFP. However, the court will assume that plaintiff meets the financial criteria for proceeding without payment of fees and allow filing for the sole purpose of recommending dismissal of this action.

## II.  Complaints

Plaintiff has filed these actions on a form utilized for claims under 42 U.S.C. § 1983, which provides for a cause of action alleging that plaintiff's federal constitutional rights have been violated by a person acting under color of state law. The complaints were filed within a week of each other.

### A. Compl. 601

Plaintiff filed[2] Compl. 601 on May 24, 2021, alleging that on April 19, 2021, the OTDA "Staff" refused to provide "federal relief" as "outline[d] in the American Rescue Plan Act of 2021," which was signed into law by President Biden on March 21, 2021.

---

[2] The 601 complaint was signed on May 21, 2021. (Compl. 601 at p.4).

(Compl. 601 ¶ 4 - Facts). Plaintiff states that he was provided $327.00 in "SNAP"[3] benefits "as outline[d] in Notice Numbers U14BPE9547 and U14BM68804 (Medical Treatment for Covid-19)." Plaintiff's First, and only, Cause of Action repeats that the defendant "Staff, et al." denied plaintiff's application for temporary assistance on April 19, 2021 in violation of the American Rescue Plan Act of 2021 ("ARPA"). (Compl. 601 ¶ 5 - First Cause of Action). Plaintiff seeks one million dollars in damages. (Compl. 601 ¶ 6 - Relief).

Attached to Compl. 601 appears to be a page printed from the website Congress.gov which refers to the ARPA (H.R. 1319, 117th Congress), together with the first page of the act. (Compl. 601 at 6). The next page is a copy of Notice No. U14BM68804, dated April 19, 2021 from the Erie County Department of Social Services, addressed to plaintiff and states that it is a "Notice of Extension of Medicaid Coverage." (Compl. 601 at 7). The next page is a copy of Notice No. U14BPE9547 from the Erie County Department of Social Services, dated April 24, 2021. (Compl. 601 at 8). The notice, again addressed to plaintiff, states that a decision on plaintiff's public assistance had not yet been made, but he would be notified when such decision was made. (*Id.*) The notice further stated that plaintiff's SNAP benefit application was approved from April 19, 2021 through March 31, 2022. The "Unit" or "Worker Name" is listed as "Ms. Jensen." (*Id.*)

The next page of plaintiff's exhibits is a form dated April 22, 2021, addressed to plaintiff from the Erie County Department of Social Services, which notifies that

---

[3] SNAP stands for Supplemental Nutrition Assistance Program. https://www.ny.gov/services/apply-snap.

3

plaintiff of "Documentation Requirements" for benefit eligibility. (Compl. 601 at 9). Ms. Jensen is listed as the "Worker"[4] on this form. (*Id.*)  The next page is a notice to plaintiff that he was scheduled for a "phone interview" with Ms. Jensen listed as the "Examiner assigned." (Compl. 601 at 10).  The notice states that the purpose of the "EFP" interview was to determine plaintiff's eligibility for "Temporary Assistance: including SNAP and Medicaid, if appropriate." (*Id.*)  The "Interview Date" is listed as April 23, 2021. (*Id.*)  The notice lists all the information that plaintiff would be required to "bring" to the interview. (*Id.*)  The last two pages of plaintiff's exhibits are a copy of the "confirmation" of a Fair Hearing Request, dated May 3, 2021 from the "Office of Administrative Hearings" in Albany, New York. (Compl. 601 at 11-12).

**B.    Compl. 626**

In Compl. 626, plaintiff alleges that on May 24, 2021 at 2:00 p.m., the OTDA "Staff, et al." denied plaintiff's right to participate in Fair Hearing No. 8292273H. (Compl. 626 ¶ 4).  Plaintiff claims that he was denied the right to cross-examine "the witness for Defendant's case." (*Id.*)  Plaintiff's first cause of action repeats the same facts, but names the witness as Mrs. Jensen. (Compl. 626 ¶ 5 - First Cause of Action). Plaintiff seeks one million dollars in damages. (Compl. 626 ¶ 6).  Plaintiff signed this complaint on May 25, 2021 and filed it on May 28, 2021. (Compl. 626 at p.4).

The first "exhibit" attached to Compl. 626 is identical to the last exhibit attached to Compl. 601, a copy of the Fair Hearing confirmation, dated May 3, 2021. (Compl. 626 at 6-8).  The second exhibit is a copy of the Congress.gov print-out with the first

---

[4] It appears that by "Worker," the form is referring to an employee of the Erie County Department of Social Services.

page of the ARPA.[5] (Compl. 626 at 9).  The last exhibit attached to Compl. 626 appears to be a cryptic email from plaintiff which may quote some notice he received from the Office of Administrative Hearings ("OAH") in Albany, New York.  Plaintiff's email is date May 24, 2021,[6] and indicates that it may have contained various PDF attachments,[7] including the Fair Hearing Request Confirmation page, a copy of the ARPA, a "receipt," "Paper Transaction Histories," and other documents. (Compl. 626 at 10-11).

### III. Venue

#### A. Legal Standards

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court "***shall***

---

[5] Plaintiff does not appear to rely specifically upon the ARPA in this action, even though he has included an exhibit which contains a small portion of the statute.

[6] The court notes that plaintiff appears to have sent this email at 8:25 a.m. on May 24, 2021 for a 1:00 p.m. hearing on May 24, 2021, but the language that he quotes from an OAH notice indicates that exhibits were to be sent "at least two business days before the hearing." (Compl. 626 at 10).

[7] The attachments themselves are not exhibits.  The copy of plaintiff's email has only the PDF icon, which must have been the link to the PDF document in the email.  Some of the documents may be duplicates of items that plaintiff has attached to the instant complaints.

5

*dismiss*" the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Even if venue is proper, a district court may sua sponte transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); Kelly v. Kelly, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, No. 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations marks omitted).

When considering whether to transfer an action sua sponte, courts follow the same traditional analysis used when a party moves for a change of venue. *See, e.g.*, *Flaherty*, 2002 WL 1891212, at *1-2; *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994). Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty*, 2002 WL 1891212, at *1.

B. **Application**

Venue in this district is improper. Although plaintiff lists the OTDA as "Albany, New York," plaintiff lives in Buffalo, and the exhibits attached to his complaints show

that he dealt with the Erie County Department of Social Services. Erie County is in the Western District of New York. To the extent that plaintiff is alleging any acts or omissions, they appear to have occurred in the Western District of New York. Based upon plaintiff's "exhibits," Ms. Jensen appears to be the "worker" assigned to the plaintiff's case, but there is no indication that she resides in the Northern District of New York. It is also unclear where plaintiff's "Fair Hearing" took place, although, given his residence in Buffalo, it is unlikely that he went to Albany for his hearing.

This is not the first time that plaintiff has attempted to create venue in the Northern District of New York by suing an "agency" whose headquarters is in Albany.[8] *See Hines v. OTDA,* 1:20-CV-506 (N.D.N.Y.). It is also not the first time that plaintiff has intentionally[9] filed an action in the wrong district. In 20-CV-506, I recommended transferring plaintiff's action to the Western District of New York because I found that

---

[8] Plaintiff has now filed multiple cases improperly venued in the Northern District of New York, not all of which are against defendants that "arguably" have a presence in the Northern District of New York. *See e.g. Hines v. IRS*, No. 5:20-CV-469; *Hines v. TopShelf Mgmt.*, No. 5:20-CV-505 (private company in Buffalo); *Hines v. N.Y.S. Office of Temp. & Disability Assistance Staff*, No. 1:20-CV-506; *Hines v. Bryant & Stratton Coll.*, No. 5:20-CV-507 (private school in Erie County); *Hines v. Erie County Dep't of Soc. Svces.*, No. 1:20-CV-536. Each of those cases were transferred to the Western District of New York. Plaintiff has also been barred from filing appeals in the Second Circuit Court of Appeals without prior approval. *See In re Hines*, No. 17-2090, 2017 WL 6803304 (2d Cir. July 28, 2017) (stating that on "May 5, 2016 this Court entered an order in *In Re: Dashon Hines* 15–4094 requiring appellant to file a motion seeking leave of this Court prior to filing any future appeals.") On October 22, 2020, the Second Circuit consolidated the plaintiff's appeals in five cases from the Northern District of New York, (20-CV-505, 506, 517, 536, and 638) and held that "Petitioner now moves for leave to file these five appeals. Upon due consideration, it is hereby ORDERED that the motions are DENIED because the appeals do not depart from Petitioner's "prior pattern of vexatious filings." *In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993). *Hines v. TopShelf Mgmt.*, No. 20-1609, 20-1627, 20-1656, 20-1885, 20-2728 (2d Cir. Oct. 22, 2020) (consolidated appeals).

[9] The court must interpret plaintiff's actions as intentional because he has been warned multiple times that venue is improper in the Northern District of New York.

plaintiff should not be allowed to circumvent the bar order issued in that district by filing actions in the Northern District of New York which should have been filed in the Western District of New York.

However, plaintiff is making a bad faith habit of filing cases in the Northern District which do not belong here. I have warned plaintiff that if he continues to file frivolous actions in the wrong district, he could be referred for a hearing to evaluate sanctions against him. Sanctions may include barring plaintiff from filing actions without permission in the Northern District. In this case, rather than transferring the action, I will recommend dismissal in accordance with 28 U.S.C. § 1404(a) which provides for such dismissal when a case is filed in a district in which venue is improper.

I find that transfer of these two cases would not be in the interests of justice, and I will recommend dismissing them without prejudice. If plaintiff chooses to file in the Western District he may attempt to do so himself. If the Western District Court finds that these cases are not frivolous, he may be allowed to proceed there, notwithstanding the bar order.[10]

**WHEREFORE**, based on the findings above, it is

---

[10] The court would note that plaintiff may not sue the OTDA "staff" under section 1983 because the agency is immune from liability for damages under the Eleventh Amendment. *See Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390-91 (E.D.N.Y. 2013) (quoting *Russell v. Dunston*, 896 F.2d 664, 667 (2d Cir. 1990) (citations omitted); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)) ("'The Eleventh Amendment to the Constitution bars suits against a state in federal court unless that state has consented to the litigation or Congress has permissibly enacted legislation specifically overriding the state's immunity.'") A claim against a state agency such as the OTDA is considered a claim against the state and is also barred by the Eleventh Amendment. Plaintiff's attempt to circumvent this by naming "staff" cannot succeed. If plaintiff wishes to sue an individual for specific constitutional violations, he must name a person and specify how that individual violated his constitutional or statutory rights. Plaintiff's generalities do not state a claim.

8

**ORDERED**, that plaintiff's motion to proceed IFP in 21-CV-601 and 21-CV-626 be **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that 21-CV-601 and 21-CV-626 be **DISMISSED WITHOUT PREJUDICE FOR IMPROPER VENUE** pursuant to 28 U.S.C. § 1406(a), and it is

**ORDERED**, that the Clerk file a copy of this Order and Report-Recommendation in both 21-CV-601 and 21-CV-626, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 7, 2021

_____
Andrew T. Baxter
U.S. Magistrate Judge